IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JOHN and KAIFER HOLSTON and
CARL and SHARRON SHELLY,                                              PLAINTIFFS,

VS.                                                      CIVIL ACTION NO. 4:05CV194-P-A

COLDWELL BANKER REAL ESTATE
CORPORATION; COLDWELL BANKER
FIRST GREENWOOD-LEFLORE REALTY,
INC.; LEFLORE PROPERTIES, INC.;
JIM PRUETT; LINDA PRUETT; BANK OF
COMMERCE; STATE BANK & TRUST
COMPANY; TERRY GREEN; and OPTION
ONE MORTGAGE COMPANY,                                                 DEFENDANTS.

## ORDER

These matters come before the court upon Defendant Option One Mortgage Company's Motion to Compel Arbitration [19-1], Defendant State Bank & Trust Company's Motion to Compel Arbitration [141-1], and Defendants Option One Mortgage Company, Bank of Commerce, and Terry Green's joinders therein [147-1, 149-1]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract " shall be valid, irrevocable and enforceable." 9 U.S.C. § 2. The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476 (1989); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The Fifth Circuit Court of Appeals has also consistently favored arbitration. "The FAA expresses

1

a strong national policy in favoring arbitration of disputes, and all doubts should concerning arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even an illiterate person is charged with reading a contract); *McKenzie Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it."); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he executes."); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Turner v. Terry*, 799 So.2d 25, 36 (Miss. 2001) ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence.").

Defendant Option One Mortgage Company moves to compel arbitration of all of the plaintiffs' claims pursuant to arbitration agreements they signed in conjunction with the home loans provided to the plaintiffs. It is undisputed that the plaintiffs signed arbitration agreements. Each arbitration agreement states that "you and we agree that any disputed, regardless of when it arose, shall be settled, at your option or ours, by arbitration in accordance with this Agreement. ... This agreement shall also apply to any dispute with our agents, successors, or assigns." Thus, any claims the plaintiffs raise in connection with their home loans are covered by the arbitration agreement. Accordingly, Option One Mortgage Company's motion to compel arbitration of the plaintiffs' claims against them should be granted since the plaintiffs' claims in this case are based in part on the home loans they received from Option One.

State Bank moves to compel arbitration of all of the plaintiffs' claims against not only State Bank but also all other defendants based on the arbitration agreement signed by each plaintiff with Option One in connection with their home loans pursuant to the equitable estoppel doctrine enunciated in *Grigson v. Creative Artists Agency, LLC*, 210 F.3d 524 (5th Cir. 2000).

The Fifth Circuit Court of Appeals in *Grigson* adopted the following Eleventh Circuit test contained in *MS Dealer Services Corp. v. Franklin*, 177 F.3d 942 (11th Cir. 1999):

> Existing case law demonstrates that equitable estoppel allows a nonsignatory to compel arbitration in two different circumstances.
>
> First, equitable estoppel applies when the signatory to a written agreement containing an arbitration clause must rely on the terms of the written agreement in asserting its claims against the nonsignatory. When each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate.
>
> Second, application of equitable estoppel is warranted when the signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract. Otherwise the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.

*Grigson*, 210 F.3d at 527 (citing with approval *Franklin*, 177 F.3d at 947) (reformatted for clarity).

Although the subject arbitration agreements appear to be stand-alone agreements, as opposed to an arbitration clause located within the loan agreement, the arbitration agreement's terms evidence that it was signed in conjunction with the loan agreement. The second paragraph of the arbitration agreement provides:

> This Agreement is made in consideration of our processing of your inquiry or application for a loan secured by the property identified above ("Loan") at the interest rate(s) that you have been or will be quoted. If your application is approved and the Loan is funded, this Agreement is also made in further consideration of our funding the Loan at the interest rate(s) referenced in the Loan documents.

Thus, the loan agreement itself is referenced by the arbitration agreement, thus binding the two.

Pursuant to *Grigson*, the first test for equitable estoppel to allow the nonsignatory defendants to benefit from Option One's arbitration agreement with the plaintiffs requires that the plaintiff signatories rely on the contents of the written agreement in asserting their claims against the nonsignatory defendants. Though the plaintiffs' claims are not based in and of themselves on the arbitration agreements, these agreements constituted part of the loan transaction between Option One and the plaintiffs. Thus the first question is whether the plaintiffs as signatories to the arbitration agreements are relying on the related loan agreements in advancing their claims.

The second, alternative test for equitable estoppel requires that the plaintiff signatories raise "allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."

Having considered the parties' arguments, the court concludes that the very nature of the plaintiffs' RICO claims against all defendants in this matter allows either of the tests for equitable estoppel doctrine discussed in *Grigson* to apply in this case.

Any RICO claim necessitates (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995). An "enterprise" can be "any individual, partnership, corporation, association, or other legal entity and a union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williams*, 224 F.3d

425 (5th Cir. 2000).

The plaintiffs assert that all of the defendants, the signatory and nonsignatories to the arbitration agreement/loan agreement between Option One and the plaintiffs, are liable for participating in an enterprise of racketeering activity. For example, paragraph 1 of the Amended Complaint states: "Each Defendant named above, as is set forth in the paragraphs that follow, has violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962, *et seq.* (RICO)." Paragraph 2 states: "In particular, each Defendant named above has participated in a pattern of 'racketeering activity' by each committing two or more violations of Federal criminal statutes, including statutes relating to mail fraud and wire fraud." Paragraph 3 states: "These Defendants each were members of a group of persons, who invested in and/or maintained an interest in, and/or participated in an 'enterprise,' which was engaged in and/or which affected interstate commerce."

The plaintiffs' RICO claims against all defendants include reference to and the existence of the loan/arbitration agreements entered into between the plaintiffs and their lender Option One. Furthermore, the RICO claims constitute "allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract."

Accordingly, the court concludes that State Bank's motion to compel arbitration of all of the plaintiffs' claims against State Bank based on the arbitration agreements with Option One should be granted pursuant to *Grigson*. However, although State Bank moves to compel arbitration against all defendants on the same basis, State Bank does not have standing to move for the other defendants. At this time, only defendants Bank of Commerce, Terry Green, and Option One have joined in State Bank's motion to compel. Until the other defendants do so, only the claims against State Bank, Bank of Commerce, Option One, and Terry Green may be compelled to arbitration.

5

The court is aware that a great deal of work has transpired in this litigation up to this point. The court observes, however, that State Bank's motion to compel, filed on October 24, 2006, was not fully briefed until March 12, 2007.

Since all of the plaintiffs' claims against State Bank, Bank of Commerce, Option One and Terry Green should be compelled to arbitration, they should be dismissed from this action without prejudice . This is appropriate given that all of the plaintiffs' claims in this action are covered by the arbitration agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Option One Mortgage Company's Motion to Compel Arbitration [19-1] is **GRANTED**; therefore

(2) All of the plaintiffs' claims against Option One Mortgage Company are **DISMISSED WITHOUT PREJUDICE** and are **COMPELLED TO BINDING ARBITRATION**;

(3) Defendant State Bank & Trust Co.'s Motion to Compel Arbitration [141-1] and Defendants Option One Mortgage Company, Bank of Commerce, and Terry Green's joinders therein [147-1, 149-1] are **GRANTED**; therefore,

(4) All of the plaintiffs' claims against State Bank & Trust Company, Option One Mortgage Company, Bank of Commerce, and Terry Green are **DISMISSED WITHOUT PREJUDICE** and

6

are **COMPELLED TO BINDING ARBITRATION**; and

    (5) All of the plaintiffs' claims against the other Defendants remain.

**SO ORDERED** this the 22nd day of March, A.D., 2007.

                                     /s/ W. Allen Pepper, Jr.
                                     W. ALLEN PEPPER, JR.
                                     UNITED STATES DISTRICT JUDGE